UNITED STATES COURT OF APPEALS
FOR THE TENTH CIRCUIT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff/Appellee, | ) | |
| | ) | |
| v. | ) | Case No. 07-1001 |
| | ) | |
| Jaime Zapata, | ) | |
| | ) | |
| Defendant/Appellant. | ) | |

_____

PETITION FOR PANEL REHEARING
_____

Defendant, Jaime Zapata, by and through court-appointed appellate

attorneys Richard N. Stuckey and Jennifer L. Gedde, hereby moves under Federal

Rule of Appellate Procedure 40 and Tenth Circuit Rule 40 for a rehearing by the

panel in this case of the opinion of the Court filed September 9, 2008 (attached

hereto), for the following reasons:

1.  Defendant Jaime Zapata had argued in his Opening Brief, at page 48,

referencing the argument and objections made by trial counsel below, that the

proper Criminal History Category (CHC) under the Sentencing Guidelines should

have been CHC II, not CHC III, because of an inappropriate addition of points

based on an incorrect determination of when he joined the conspiracy, or

committed the crime of conspiracy.

2.  The government replied to this argument, in Appellee's Answer Brief at pages 16-17, that the starting date alleged in the conspiracy count of which Jaime Zapata was convicted was the controlling date for criminal history category calculations, not the date on which he was found by the sentencing court to have joined the conspiracy, December of 2003.  In Appellant's Reply Brief, that argument was rebutted by arguing that it was inconsistent for the government to argue on the one hand that the December 2003 date was controlling in calculating the amount of drugs involved, but *not* controlling for calculating criminal history.

3.  In this Court's Opinion in this case of September 9, 2008, in Section E-1 dealing with procedural challenges to sentencing (pages 25-27 of Court's slip opinion), the Court makes several references to the district court's finding that December of 2003 was a "conservative starting point" for determining drug quantity for each defendant, as that month was the date when testimony showed all co-conspirators were in on the scheme.

4.  The Court did not, however, speak to Jaime Zapata's Criminal History Category sentencing issue in its opinion of September 9, 2008.  If sometime in December 2003 is the date Defendant Jaime Zapata joined the conspiracy, and thus the date that he committed the offense, then his Criminal History Category should have been CHC II as argued and the sentencing range applied by the district court at Jaime Zapata's sentencing hearing was improperly calculated, and the case

should be remanded for a correct calculation of Defendant Jaime Zapata's CHC points and a resentencing.

5.  Any error in the Guidelines calculation renders a sentence procedurally unreasonable and, if the error is not harmless, requires remand.  United States v. Todd, 515 F.3d 1128, 1134-35 (10th Cir. 2008).  No matter whether a sentence by a district court falls within the advisory Guidelines range or outside the advisory Guidelines range, "as a matter of procedural regularity, the 'starting point and the initial benchmark' for any sentencing decision must be a correctly calculated Guidelines sentencing range."  Id. at 1134, *citing* Gall v. United States, --- U.S. ---, 128 S.Ct. 586, 594, 169 L.Ed.2d 445 (2007).  Therefore, on appellate review, one task of the reviewing court is to "ensure that the district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range . . . ."  Gall at 597; *see also* United States v. Kristl, 437 F.3d 1050, 1054-55 (10th Cir. 2006).

6.  It is respectfully submitted that the panel has overlooked or misapprehended the issue of an improperly calculated Criminal History Category for Jaime Zapata.  Fed. R. App. P. Rule 40 (a) (2); 10th Cir. R. 40 (A).

WHEREFORE, Jaime Zapata, by and through court-appointed appellate counsel, hereby respectfully petitions this Court for panel rehearing.

Dated:   September 23, 2008             Respectfully submitted,


                                        s/Richard N. Stuckey
                                        Richard N. Stuckey, Attorney at Law, P.C.
                                        1801 Broadway, Suite 1100
                                        Denver, CO 80202
                                        303-292-0110
                                        Attorney for Defendant/Appellant

                                        s/Jennifer L. Gedde
                                        Jennifer L. Gedde, LLC
                                        1600 Broadway, Suite 1525
                                        Denver, CO 80202
                                        303-830-2190
                                        Attorney for Defendant/Appellant


                        CERTIFICATE OF SERVICE

        I certify that a true copy of Appellant's Petition for Panel Rehearing was
served this 23[nd] day of September 2008 on Assistant U.S. Attorney Martha
A.Paluch, Office of the United States Attorney for the District of Colorado, 1225
17th St., Suite 700, Denver, Colorado, by U.S. Mail and by e-mail to
usaco.ecfappellate@usdoj.gov. , and by U.S. Mail to the following:

Philip A. Cherner
Cherner & Blackman
1120 Lincoln St., Suite 804
Denver, CO 80203

Antony M. Noble
1776 S. Jackson St., Suite 602
Denver, CO 80210

Megan L. Hayes
910 Kearney St.
Laramie, WY 82070

Robert Berger
7476 East 29th Ave. Suite 108
Denver, CO 80238

Jaime Zapata
Reg. No. 32887-013
Federal Correctional Institution
9595 West Quincy
Littleton, CO 80123

    Additionally, on this date a digital submission was sent to
robberger@webaccess.net, phil@philcherner.com, amnoble@joffelawfirm.com,
and mlhayes@trbesp.com

                            s/Richard N. Stuckey
                            Richard N. Stuckey, Attorney at Law, P.C.
                            1801 Broadway, Suite 1100
                            Denver, CO 80202
                            303-292-0110
                            Attorney for Defendant/Appellant

<u>Certificate of Digital Submission</u>

All required privacy redactions, if any, have been made and with the exception of those redactions, if any, every document submitted in Digital Form or scanned PDF format is an exact copy of the written document filed with the Court.

The digital submissions have been scanned for viruses with eTrust anti-virus scanning program, and according to the program, are this date free of viruses.

I certify that the information on this Certificate is true and correct to the best of my knowledge and belief formed after a reasonable inquiry and review of the Tenth Circuit Emergency General Order filed October 20, 2004, with amendment of May 20, 2005.

Dated: September 22, 2008                          <u>s/Richard N. Stuckey</u>